UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COPART INC.,

Plaintiff,

v.

K&R AUTOMOTIVE & TOWING LLC, *et al.*,

Defendants.

No. 26-CV-6495 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

Copart Inc. ("Plaintiff") seeks a temporary restraining order enjoining K&R Automotive & Towing LLC ("Defendant") and anyone in concert with it from selling, transferring, concealing, altering, encumbering or disposing of one of Plaintiff's specialized tow trucks, and ordering written confirmation of whether any such sale or transfer has occurred. (*See* Proposed O.S.C. Without Emergency Relief (Dkt. No. 14).) The Court denied Plaintiff's previous application primarily because Plaintiff did not demonstrate immediate and irreparable harm would result if the requested relief were not granted.[1] (*See* Order Denying Mot. for O.S.C. (Dkt. No. 13).) In particular, the Court explained that Plaintiff had not made a showing that immediate and irreparable harm will result, *see* Fed. R. Civ. P. 65(b)(1)(A) (requiring a showing of "immediate and irreparable injury, loss, or damage . . . before the adverse party can be heard" for

[1] The Court also noted that Plaintiff had not certified its efforts to notify Defendant of their request in writing, although Plaintiff represented in its memorandum that it was filing its request *ex parte*. (*See* Order Denying Mot. for O.S.C. 3 (Dkt. No. 13); Pl.'s Mem. in Supp. re: Emergency Mot. for O.S.C. (Dkt. No. 10).) Plaintiff no longer represents that it is seeking relief *ex parte*, so that requirement of Rule 65 no longer applies, and the last page of their memorandum suggests it was forwarded to Defendant by mail and email. (*See* Pl.'s Mem. in Supp. re: Proposed O.S.C. Without Emergency Relief ("Pl.'s Mem.") (Dkt. No. 15).)

a temporary restraining order to issue), because the loss of its truck and business associated with that truck could be remedied with damages later in the litigation. (*Id.* at 2–3.)

Plaintiff's memorandum accompanying its latest requested relief now indicates that Plaintiff believes money damages would be an inadequate remedy because "Westlaw search results concerning [Defendant's] assets and earnings do not identify sufficient revenue, assets, or other reliable sources from which [Plaintiff] could satisfy a monetary judgment for the Vehicle's value, additional damages, or legal fees incurred to recover it," and "Westlaw search results concerning individuals associated with [Defendant], including theft- and fraud-related criminal histories, further support [Plaintiff's] concern that the Vehicle or any sale proceeds may be difficult to trace and that any later judgment may be uncollectible." (*See* Pl.'s Mem. in Supp. re: Proposed O.S.C. Without Emergency Relief ("Pl.'s Mem.") (Dkt. No. 15).)

True, an "exception to the general rule that monetary injury does not constitute irreparable harm" is if Plaintiff "can prove that [Defendant] is insolvent or on the brink of insolvency." *Alpha Cap. Anstalt v. Shiftpixy, Inc.*, 432 F. Supp. 3d 326, 340 (S.D.N.Y. 2020); *see also Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 250 (2d Cir. 1999) ("[C]ourts have excepted from the general rule regarding monetary injury situations involving obligations owed by insolvents."); *Centauri Shipping Ltd. v. W. Bulk Carriers KS*, 528 F. Supp. 2d 186, 194 (S.D.N.Y. 2007) ("[M]onetary injury *may* . . . establish irreparable harm . . . where the party that might ultimately be ordered to pay the monetary damages is insolvent or facing imminent bankruptcy, or is in a perilous financial state." (quotation marks omitted)). But Plaintiff's proffered evidence does not meet this bar. While it indicates Defendant's annual sales revenue was $35,107 as of June 2025, (*see* Cofresi Decl. Ex. C, at 2 (Dkt. No. 17)), about a quarter of the estimated value of the truck, that does not show Defendant is "on the brink of

insolvency" or lacks other assets or savings from which Plaintiff could satisfy a judgment, *Alpha Cap. Anstalt*, 432 F. Supp. 3d at 340, or that in light of any other assets and savings Defendant may have, "the monetary loss" from the judgment "will probably force [Defendant] into bankruptcy," *Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 934 F.2d 30, 34 (2d Cir. 1991). This evidence says nothing about Defendant's financial state other than a one-year snapshot of their revenue. *See Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1146, 1154 (S.D.N.Y. 1990) (finding no irreparable harm where "although [a defendant's] fortunes may have fallen a great distance, they may still have come to rest at a level that would easily permit him to meet his obligations to [the] plaintiff"). Nor does evidence that certain individuals associated with Defendant have lengthy criminal histories show that Defendant is on the brink of insolvency or likely spiriting away the truck in *this* case. (*See* Cofresi Decl. Ex. A, at 53–55.)

Accordingly, as Plaintiff has still not shown that Defendant is on the brink of insolvency and, thus, that money damages are inadequate, the Court denies Plaintiff's request for a temporary restraining order because it finds Plaintiff has not shown the loss of the tow truck is an immediate and irreparable harm that will result without a temporary restraining order. (*See* Order Denying Mot. for O.S.C. 2–3.) Defendant shall address Plaintiff's request for preliminary injunction by no later than August 24, 2026, including addressing whether Defendant could pay a judgment should Plaintiff prevail. Plaintiff shall reply by no later than August 27, 2026. The Court will hold a hearing by telephone at the number in the Court's Individual Rules on September 1, 2026, at 10:30 a.m. Plaintiff shall send a copy of this Order to Defendant.

SO ORDERED.

DATED: August 19, 2026
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE